JUSTICE LEAPHART,
specially concurring.
Due to the incomplete state of the record in this appeal, I have no choice but to concur in the result reached by the court.
Even assuming that the real estate agent and the closing agent owed duties of care to the sellers and that they breached those duties and thereby rendered the mortgage potentially invalid, it is not clear to me that the Fadnesses, in fact, suffered damages which were not fully recompensed when they successfully litigated a mortgage foreclosure action against Kuntz. Fadness v. Kuntz (1996), No. 95-133 (Fadness I).
Although, in the present matter, Cody and Wimmer requested that Fadnesses file a statement of damages, Fadnesses did not respond to that request. Thus, in terms of trying to understand Fadnesses’ theory of damages, we are left with nothing other than Fadnesses’ somewhat less than specific prayer for “such damages as they may prove at trial.”
*98 In Fadness I, Fadnesses sued Kuntz to foreclose the purchase money mortgage and to quiet title in their name. As the court states, Fadnesses were successful in their foreclosure action, they quieted title to the property and obtained an award of punitive damages plus their fees and costs. They cannot obtain a deficiency judgment for any outstanding balance on the debt. Section 71-1-232, MCA. I am at a loss as to what further damages, if any, Fadnesses may have incurred as a result of Wimmer’s and Cody’s alleged negligence in allowing Mrs. Kuntz’s name to appear on the deed but not on the mortgage. However, since the summary judgment was based upon collateral estoppel rather than failure to state a claim for damages, and since Fadnesses have not yet responded to the request to state their damages, I must give them the benefit of the doubt and let the matter proceed.